## C. H. Taylor v. Hamilton McNutt.

(Case No. 3061.)

1. Construction of written instruments — Evidence. — When the effect of a writing does not depend entirely upon the construction or meaning of its terms, but upon extrinsic facts and circumstances, then it becomes the duty of the court to submit for the consideration of the jury the instrument, together with the attending facts and circumstances adduced in evidence, with such instructions upon the legal effect of the instrument as will meet the various phases presented by the extrinsic evidence. The above constitutes an exception to the rule which requires the court to pass upon the legal effect of written instruments.

2. Vendor's lien. — The above rule applied in this case in construing the terms of a deed, and in favor of one claiming a release of a vendor's lien on land.

3. Trial — Argument of counsel. — Counsel should be confined by the court to the discussion of those issues made by the pleadings, in regard to which some evidence has been introduced.

Appeal from Washington. Tried below before the Hon. I. B. McFarland.

May 30, 1872, appellee brought this suit against L. P. Rucker as maker, on the following note:

"$312.20. On .or before the 17th day of September next, I promise to pay Mrs. Mary McNutt, or order, three hundred and twelve and $\frac{20}{100}$ dollars, with ten per cent. interest thereafter till ———, being part payment on a quarter of a league of land bought of her on Brushy creek, in Milam county, and part of the John Marshal headright survey. This August 31, 1865.

(Signed) "L. P. Rucker."

Appellant C. H. Taylor was made a party defendant, under the averment that he had purchased the land for which the note was given, from Rucker. That appellee was the owner and holder of the note, and that it was given to him by Mrs. Mary McNutt, his mother, as an advancement. He asked judgment against Rucker for the amount of the note, and a foreclosure of the vendor's lien upon the land as against Taylor and Rucker.

Rucker failed to answer. Taylor answered by general denial; also that in August, 1860, he purchased the land from Rucker, receiving a warranty deed therefor; that he paid Rucker on the land a lot of cattle and cow ponies, and gave him and his wife an obligation for $1,000, to the effect that he would pay to Mrs. McNutt that amount on the two notes given by Rucker to her in the purchase of the land by him from Mrs. McNutt in 1857, so as to perfect the title in Rucker.

That he did, in September, 1860, pay the $1,000 on the two notes of Rucker — $500 to Munger, who held one of the notes, and $500 to Mrs. McNutt, who held the other of the two notes; and that in consideration therefor they released the lien on the land for the unpaid balance of the two notes; that long subsequent to that time, Rucker, without the knowledge or consent of appellee, executed the note sued on in renewal of the unpaid balance on his note to Mrs. McNutt, and appellee denied that the same constituted any lien upon the land.

A trial was had September 11, 1875, and resulted in a verdict and judgment against Rucker for the amount of the note, and against Taylor foreclosing the vendor's lien.

Taylor brought the case before the court by appeal. The material errors assigned are indicated in the opinion.

The first deed made by Mrs. McNutt to Rucker for the land bears date December 18, 1857. The second deed bears date September 13, 1860. The provision in the latter which is considered in the opinion is as follows:

"I hereby transfer and release in full, both in law and equity, all title or claim whatsoever on said described land to the said L. P. Rucker, his heirs and assigns forever."

Taylor testified that he paid Munger the $500 on the note held by him, and that he gave Taylor a release of the lien for the unpaid balance of that note. That in the same month, September, 1860, he sent Asa Robinson as his agent with $500 to Mrs. McNutt, with instruction that if she would accept the $500 and release the land from the lien from the balance, to pay it to her; otherwise to bring it back to him. Robinson returned, told him that she had accepted the money, and gave him a release which he left at Cameron for record; that after Robinson's death he found at Cameron the second deed, etc.

A receipt of the payment of the money by Robinson to Mrs. McNutt was shown.

*Giddings & Morriss,* for appellant.

*P. H. & J. T. Swearengen,* for appellee. (The able brief of appellee was prepared before the adoption of the present rules of court, and its length, being as it is rather an argument than a brief, precludes insertion and condensation.)

WATTS, J. COM. APP.— That, as a general rule, it is the duty of the court to instruct the jury upon the legal effect of written evidence, admits of no doubt, but it is also true that there are exceptions to that general rule. When the effect of the writing does not depend entirely upon the construction or meaning of its terms, but upon extrinsic facts and circumstances, then it becomes the duty of the court to submit for the consideration of the jury the instrument, together with the attending facts and circumstances adduced in evidence, with such instructions upon the legal effect of the instrument as would meet the various phases presented by the extrinsic evidence. Etting *v.* Bank of United States, 11 Wheat., 59; Thompson on Charging the Jury, pp. 18, 19.

The correct construction and true meaning of the provision in the second deed from Mrs. McNutt to Rucker depends upon the extrinsic facts and circumstances connected with and surrounding the execution of that deed. Considering that provision alone, it would be a matter of grave doubt what was intended or meant to be accomplished by it. Three years prior to the making of this instrument, Mrs. McNutt had, by formal deed, conveyed the land to Rucker, and in which she had acknowledged the receipt of the purchase money. The inquiry would naturally arise, as to what claim in law or equity she had upon the land at that time to be released to Rucker, save and except the implied equitable lien for the purchase money? That is, without a knowledge of the extrinsic facts and circumstances, the court could not, from an examination of this unusual provision, say with any degree of certainty whether it did or not release the vendor's lien. Certainly that provision should not be treated as meaningless, if, looking to the facts and circumstances surrounding the transaction, it would be susceptible of some other construction. Therefore, to arrive at its meaning and construction, it becomes necessary to resort to extrinsic evidence, so as to ascertain the facts and circumstances connected with and surrounding the execution of that deed. And to arrive at the very truth with respect to these attending facts and circumstances, the jury should pass upon the credibility of the witness and the weight to be given to the evidence.

The court should have confined counsel to a discussion of the issues made by the pleadings, and to which some evidence had been adduced.  There was no issue of fraud presented by the pleadings in this case, and any discussion of fraud by counsel would be irregular, and not calculated to aid in a fair and just administration of the law.

We are of the opinion that the court erred in charging that the lien was not released by the second deed to Rucker.  That question should have been submitted in the manner heretofore indicated.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved November 16, 1882.]