John F. ACHTERBERG, d/b/a The Jno. F. Achterberg Company, Appellant,

v.

Sam B. GILLETT, Jr., Appellee.

No. 5304.

Court of Civil Appeals of Texas.

El Paso.

March 11, 1959.

Rehearing Denied April 1, 1959.

Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

Andreas, Lipscomb, Peticolas & Fisk, El Paso, for appellee.

## LANGDON, Chief Justice.

This is an appeal from a judgment of the District Court of El Paso County granting defendant's motion for summary judgment, wherein it was adjudged that plaintiff take nothing from the defendant under Rule 166–A, Texas Rules of Civil Procedure.

Appellant Achterberg, plaintiff below, brought this suit against appellee, Sam B. Gillett, Jr., defendant below, for damages for breach of a written contract giving to plaintiff a non-cancellable, exclusive right, for a period of fifteen years from January 1, 1950, to act as defendant's sales agent on a commission basis, in marketing, except in certain trade territories, all products produced by defendant in his business known as the Valley Canning Company.

The determination of this case depends upon a proper construction of the agreement between the parties, set out in full as follows:

"February 13, 1950

"The Jno. F. Achterberg Company,
    "1020 East Overland Street
"El Paso, Texas

"Dear John:

"With reference to our verbal understanding that you are to have exclusive sales on all of our products, leaving out the El Paso trade territory and Albuquerque New Mexico trade territory, we are pleased to set this on a fifteen year non-cancellable basis and you are not to receive less than 2½% brokerage on all sales.

"This arrangement is made with the understanding that you will continue to actively arrange for brokers in all territories, continue with your usual correspondence with these brokers as well as look after all correspondence with Department Stores, individuals and retailers as you have in the past.

"I am setting this upon a fifteen year basis starting January 1, 1950 as I realize that before you started handling our account, we did not do any business outside of the El Paso trade territory and in that we are now selling our products from Coast to Coast, I feel that a lot of progress has been made and that more will be made as we go along.

"Yours very truly,
"Valley Canning Company
"Sam B. Gillett Jr."

Appellant alleged, and it is undisputed, that during the terms of the contract, appellee voluntarily sold the business and assets of Valley Canning Company, thus placing it beyond the power of appellee, by his own action, to further carry out and perform his part of the contract.

The defendant, Gillett, after an answer setting out a general denial, as well as affirmative defenses, filed a motion for summary judgment in his favor, which the court, after opposition filed by plaintiff, sustained on the pleadings and summarily rendered judgment that the plaintiff take nothing.

In support of the motion for summary judgment, appellee relied upon two grounds; first, that the contract was not signed by appellant (plaintiff below) and was, therefore, unilateral and lacking in

mutuality, and comes within the Statute of Frauds, Art. 3995, Vernon's Ann.Civil Statutes of Texas.

■ Appellee has conceded that the trial court's action in rendering a summary judgment in his favor cannot be supported on the first ground of his motion for summary judgment, and makes no point of it in the brief filed herein. We have concluded that such contract letter, while it may have been lacking in mutuality when it was made, and so long as it remained wholly executory, it was, however, accepted by the appellant, as disclosed by the record; appellant rendered the services contemplated by the contract and was paid the commission provided in the contract, until the business was sold in 1955. The general rule is that acceptance of the contract signed only by the party delivering it, and the execution of it in part by the party accepting it, makes the contract obligatory on both parties: Leonard v. Portien, 3 Willson, Civ.Cas.Ct.App. § 362; Palmer v. Katz, Tex.Civ.App., 210 S.W.2d 451. It follows that, if the action of the trial court in rendering summary judgment in favor of appellee is to be sustained, we must look to the second ground urged by appellee in support of his motion.

■■ Appellant contends that the trial court erred in rendering summary judgment against appellant, and brings two points of error, which we believe may be stated in one question, as follows:

As a matter of law, may the obligor in a contract, not rendered unenforceable by operation of the Statute of Frauds (Art. 3995, R.C.S.), giving to the obligee the exclusive and non-cancellable right to market obligor's wares on a commission basis for 15 years, shed his responsibility under the contract by making a voluntary sale of the business?

Under Rule 166–A, T.R.C.P., the burden is upon the defendant, moving for summary judgment, to show as a matter of law that the plaintiff has no cause of action against him. In order to prevail when the motion is submitted, it must be shown that no material fact or facts, entitling plaintiff to recover, remains as an issue.

Appellee alleged in his pleadings and in his motion for summary judgment, that he acted "in good faith" in making a sale of his canning business, and contended that he could not be required to continue a business which was not profitable and which involved large risks. The question of whether or not the defendant acted in good faith, and whether or not the business was profitable and involved large risks, are fact questions, and we believe that same were placed in issue by the pleadings and by the opposing affidavits filed herein by appellant. We have examined the cases cited by appellee in support of the summary judgment rendered by the trial court, and we find that these cases are cases that were tried before the court, or by a jury, in which either the court had the power to make findings of fact on disputed issues, or where the jury had found such facts on ample evidence. In the case at bar, we have no such findings, no stipulations, and the judgment itself is silent as to the grounds upon which defendant's motion was granted.

■ A contract should always be construed so as to effectuate the intentions of the parties thereto, and, in determining what was their intention, everything within the four corners of the instrument is to be considered.

Appellee contends, and there is substantial authority for the proposition, that the mere fact that the agreement contains a provision that it would continue in effect for a definite period does not, of itself, raise an implied promise that the appellee would retain, in the instant case, the Valley Canning Company, during the whole of that period, irrespective of whatever circumstances might arise. Danciger Oil & Refining Co. of Texas v. Powell, 137 Tex. 484, 154 S.W.2d 632, 137 A.L.R. 408.

The general rule, that it is the province of the judge to construe and determine the legal effect of unambiguous written instruments, is not without qualifications. Where it becomes necessary to resort to extrinsic facts and circumstances in order to ascertain the meaning of technical or peculiar terms or construe the instrument, these matters are for the jury. The jury first answers the questions as to extrinsic circumstances or meaning of technical terms or peculiar words. With this information the court proceeds with the construction or interpretation of the instrument. McCormick and Ray, Texas Law of Evidence, sec. 9.

Appellee contends that the contract between the parties does not, by its express terms, impose an obligation upon the defendant to continue the business during the fifteen-year period, nor is such an obligation clearly implied. While we agree that courts should not lightly imply additional covenants enlarging the terms of the contract—Palm v. Mortgage Investment Co. of El Paso, Tex.Civ.App., 229 S.W.2d 869; Danciger Oil & Refining Co. v. Powell, supra—it is equally well settled, as stated in Volume 10–A, Texas Jurisprudence, page 337, Contracts, sec. 170:

"The contract will be left by the law just where the parties themselves have put it, and the courts will enforce it as made, without regard to questions as to whether the parties contracted wisely or foolishly, or as to whether, in the light of subsequent events, a hardship may be invoked."

The term "fifteen year non-cancellable basis", as used in the contract, is not defined, nor does the contract, in terms, expressly provide that defendant would have to continue the business in order to afford the plaintiff a right to make his commissions. We hold, in the absence of a determination of the meaning of the term used, that the contract, as a matter of law, may not be construed to mean it was "non-cancellable", regardless of subsequent events; nor may it be construed, as a matter of law, to permit the defendant to shed his responsibility under the contract by making a voluntary sale of the business.

We believe a question of fact is raised as to what the parties intended by the expression "non-cancellable", and that it would be a matter of proof of the meaning intended by the term used; therefore, a question of fact to be determined by the jury under appropriate instructions. Taylor v. McNutt, 58 Tex. 71; St. Louis Southwestern R. Co. of Texas v. Bramlette, Tex.Civ.App., 35 S.W. 25; Sunshine Oil Corporation v. Randals, Tex.Civ.App., 226 S.W. 1090; Alexander v. Conley, Tex.Civ. App., 187 S.W. 254; Marlin Lumber Co. v. Samuel Hastings Co., Tex.Civ.App., 198 S.W. 1076.

Accordingly, the judgment of the trial court is reversed, and this cause is remanded for a trial on the merits.