**O. L. LITTLETON, Appellant,**

v.

**L. T. LITTLETON, Appellee.**

No. 13284.

Court of Civil Appeals of Texas.

Houston.

Dec. 8, 1960.

Rehearing Denied Dec. 29, 1960.

Bean & Ford, John W. Ford, Kilgore, Franklin C. Williams, Palestine, John T. Gano, Fort Worth, for appellant.

B. R. Reeves, Palestine, Gordon R. Wellborn, Rex Houston, Henderson, for appellee.

BELL, Chief Justice.

L. T. Littleton, appellee, recovered judgment, after trial before a jury, decreeing that a certain tract of land and certain personal property which he had conveyed by deed to O. L. Littleton, appellant, was held by O. L. Littleton as security for a debt of $6,303.89. The judgment decreed that the deed absolute was but a mortgage; that title to the land and personal property set out in the deed was in L. T. Littleton, but a lien existed in favor of O. L. Littleton to secure $6,303.89, which amount was payable out of the profits of a dairy operated by L. T. Littleton.

L. T. Littleton filed a suit in trespass-to-try title. In his petition, after formal allegations requisite to such a suit, he alleged that on April 28, 1953, he executed an instrument which on its face was a deed by which he conveyed the subject land and certain personal property to his brother, O. L. Littleton, but which was in fact intended only as a conveyance of the land and personal property as security for the sum of $10,000 which O. L. Littleton had loaned him so he could purchase the community one-half of such property that belonged to his wife who was getting a divorce from him. He further alleged that the $10,000 was to be repaid out of earnings of a dairy then being operated by appellee, all earnings over and above operating expenses to be used for such purpose, and that when this amount had been repaid, appellant agreed to reconvey the land to appellee. Appellee alleged a repudiation of this agreement by appellant, as evidenced by a claim by appellant, openly asserted, to all of the property as his own. Prayer was for a decree adjudging title in both the land and personal property to be in appellee subject to a lien securing the money advanced by appellant, the money to be repaid out of profits from the operation of the dairy. By an amended answer, appellant, after filing a general denial and a plea of not guilty, pled that he furnished $10,000 to appellee to be used by appellee to purchase the interest of appellee's wife in the community property and that appellee agreed to convey all of the community property to appellant; that it was further agreed that appellee would continue to operate the dairy and out of all earnings of the dairy, over and above actual living expenses appellee would repay the amount advanced and after repayment the property would be owned by them jointly and if the money was never repaid the property, real and personal, would all belong to appellant. Appellant further alleges he advanced to appellee an additional $1,850 that was used in operating the dairy. He then alleges none of the money had been repaid and he was still the owner of all of the property. By way of cross-action appellant sued in trespass-to-try title, re-alleging the above facts, and asserted title to all of the property as none of the advances had been repaid. In the alternative, he alleges that in any event appellee would be the owner of only one-half of the property since appellee agreed that after repayment of the advances appellee and appellant would own the property jointly. He prayed a receiver be appointed to sell the property and after repaying the advances, the balance of the proceeds from sale, if any, be divided between the parties equally.

Appellee then filed a supplemental petition, in which he alleged that at the special instance and request of appellant the parties operated the dairy during the years 1953

and 1954 as a partnership and joint venture and it was agreed that appellant would recoup his investment from his one-half of the profits. Appellee, as an offset to appellant's investment, was to devote his entire time to the operation of the dairy. However, appellee specifically alleged that there was no agreement that the real estate and cows and calves should belong to the partnership but the agreement was that ownership of them should remain in appellee. Then appellee alleged the sale by appellant of certain property that belonged to appellee which appellant erroneously credited to the partnership and he asked that the amount of such proceeds be offset against the money advanced by appellant. Appellee then alleged appellant procured $9,000 from an insurance company for use in the partnership and that one-half of this would be owned by appellant and asked this be used as a further offset against monies advanced. Too, various other items were pled as offsets.

To this supplemental petition appellant filed a general denial.

The jury, in response to special issues submitted, found that on April 28, 1953, appellant loaned appellee $10,000; that the deed of April 28, 1953, was executed by appellee conveying the property to appellant as security for the loan; that it was agreed that when the loan was repaid appellant would reconvey the property to appellee; that appellee executed the deed in reliance on such agreement; and that appellee would not have executed the deed except for said agreement.

■ The effect, of course, of these answers was to, in law, establish that the deed was but a mortgage to secure the payment of the $10,000 advanced.

On another facet of the case the jury found that beginning April 29, 1953, the dairy was operated as a partnership on a fifty-fifty basis; that including the original $10,000 appellant had put $11,053.81 into the dairy, which had not been repaid; that $6,590 had been put into the dairy through sale of assets belonging to appellee; that

the loan of $9,000 secured from the Connecticut Mutual Insurance Company was for the use and benefit of the partnership; that this loan was a debt of the partnership; that there was no agreement that appellant should hold title to the property as security for monies that appellant should advance for operating the dairy.

The jury also found there was no agreement that appellant was to own one-half of the property after repayment of the $10,-000. The appellant was to hold title until the $10,000 was repaid. The $10,000 was to be repaid out of the profits of the dairy. None of the $10,000 had been repaid out of the profits of the dairy.

■ Apart from the issues dealing with the partnership, which we will notice later since the findings in this regard are in part, attacked, the evidence clearly sustains the findings that the property was conveyed to appellant only as security for the $10,000 advance made by appellant and that appellant was to have no other interest in the property. Ownership of the property, subject to the lien, was to be in appellee.

Appellant complains that he was entitled to a judgment decreeing that if the money was not repaid he would hold title to all the property and a reasonable time limit for payment should have been fixed. Too, he contends that there being no fraud by appellant or other wrongs creating a trust being shown, and legal title being in appellant, the court should have awarded title, on his cross-action in trespass-to-try title, to him.

These two Points, the substance of which we have given, are not based on any assignment of error as the motion for new trial did not contain such complaints and appellant asserts the errors as being fundamental and therefore cognizable by us.

■ We do not regard such complaints as assertions of fundamental error.

■ It will be noted, however, that the judgment decreed that appellee was obligated to pay appellant $6,303.89 out of

profits from the dairy and that legal title to the property should remain in appellant until repayment. Apparently appellant seeks a legal determination now that he is the owner of the land if repayment is not made. We do not so understand the law. We understand the law to be that where a conveyance is made of legal title to secure an indebtedness the deed absolute is in law but a mortgage and superior equitable title remains in the grantor. It being but a mortgage, the way for appellant to secure superior title is through foreclosure, unless appellee should again give a deed to appellant in consideration of the cancellation of the indebtedness. Wiggins v. Wiggins, 16 Tex.Civ.App. 335, 40 S.W. 643, no writ hist.; McLemore v. Bickerstaff, Tex.Civ. App., 179 S.W. 536, writ ref.; Alexander v. Conley, Tex.Civ.App., 187 S.W. 254, no writ hist.

■ With regard to the absence in the judgment of any date on which payment of the debt should be made, it suffices to say that appellant asked for no such determination in the trial court. Too, the judgment is in accord with the pleadings and evidence that payment was to be made out of the profits from the operation of the dairy. It is not before us as to what the effect would be of the failure to make profits within a reasonable time and we express no view thereon.

Appellant, by his Third Point of Error, asserts that the court erred in not decreeing title to one-half of the property in him because the jury found a partnership to exist and that it was owned by the parties equally. By his Fourth Point of Error he contends that if the partnership existed there was no pleading or evidence or jury finding that it had terminated and therefore the property would be owned equally by the parties, and the trial court had no authority to decree the partnership had terminated.

■ If the partnership continued to exist, appellant would not own title to any specific property belonging to the partnership. Egan v. American State Bank, Tex.

Civ.App., 67 S.W.2d 1081, writ ref. If the property under the evidence was shown to be partnership property, the court could not legally award a judgment decreeing title to one-half of specific property. The court could merely declare ownership in the partnership with a particular interest in such partnership being owned by appellant.

What appellant seems to really be contending is that the partnership continued to exist because there was no pleading of a termination of the partnership and no jury finding of termination and as the property was used by the partnership it was a firm asset and superior equitable title should not have been decreed appellee.

■ We are of the view that the pleading in the absence of exception is susceptible to the construction that the partnership had terminated. It was specifically alleged in a pleading filed in 1957, that the partnership operated in 1953 and 1954. Also appellee pled that in 1953 appellant had sold personal assets of appellee and erroneously credited the proceeds to the partnership and asked that an offset of the proceeds be allowed against the $10,000 advance. Other payments from partnership funds were pled as offsets. Too, appellant, while denying partnership by general denial, alleged in his pleading that he was ousted from the property by appellee in July, 1955.

Appellant contends the court had no right to declare the partnership terminated because there was no evidence of termination and no jury finding of termination.

■ We overrule this contention. There was sufficient evidence from which the fact of termination could be reasonably inferred.

■ There was no jury finding of termination, and no request for the submission of an issue on it. There being sufficient evidence in the record to support a finding that the partnership had terminated, the trial court could make such finding. The court, in the judgment, having legally declared a termination of the partnership, it will be

presumed in support of the judgment that he found it had in fact terminated.

Appellant complains that the jury having found a partnership and the properties of the Littleton Dairy having been used in the operations of the partnership, and the jury having found the partnership was owned on a fifty-fifty basis, the court should have awarded him title to one-half of the property.

Appellee, in his supplemental petition, sets up that there was a partnership in the "operation" of the dairy, but expressly pled that the property here involved was not to be owned by the partnership but was to be owned by appellee. The evidence shows that appellant claimed the property not by virtue of any partnership but by reason of an agreement by appellee that he should own a one-half interest because of appellant's advance of money. Appellee at all times contended he was the sole owner of the property, subject only to a mortgage in favor of appellant to secure the money advanced.

We think the court gave the correct construction to the jury's verdict so as to in effect hold that the property here involved did not belong to the partnership, but remained the property of appellee and the parties intended that the property be merely used by the partnership.

Whether property used in the partnership operation is owned by the partnership is a question of intention. Mere use of property in such operation does not make it an asset of the partnership. 40 Amer.Jur., § 100, p. 198; 32 Tex.Jur., § 40, p. 282; Griffie v. Maxey, 58 Tex. 210; Logan v. Logan, 138 Tex. 40, 156 S.W.2d 507.

Here the jury found the property was conveyed to appellant as security for the $10,000 advance, but not for any money advance for the operation of the partnership. Too, it found it was not agreed that appellant was to own a one-half interest after the repayment of the $10,000, but that

after it was repaid out of profits legal title was to be reconveyed to appellee. What in fact the pleading and evidence sustains is that the dairy would be operated as a partnership, appellee devoting his full time to its operation as his contribution, and appellant agreeing to make advances from time to time to finance the operations as his contribution. The physical properties that had been used and owned by appellee when he individually operated the dairy were merely to be used by the partnership, not owned by it.

Appellant next says if there was no partnership under the evidence and pleading that appellant was not chargeable with any of the alleged partnership liabilities that the trial court apparently took into consideration when he finally determined only $6,303.89 was owed by appellee. It is sufficient to say of this that we find no attack on the jury's answers to issues which established partnership. As we read appellant's brief, he concedes that the issue of the existence of a partnership has been foreclosed by the jury verdict and in this court he only attacked the judgment decreeing dissolution. We have previously disposed of such attack. There having been a partnership and it having terminated and the appellee having pled certain offsets, the case presented the question of the adjustment of the accounts between the parties. Appellant's brief really concedes that an accounting was involved but complains that items involved in the adjustment of accounts should have been submitted to the jury and the court itself should not have audited the accounts. Too, he says that the jury, having found that appellant originally advanced $10,000 and thereafter $1053.81 and that none of it had been repaid, the court was bound by the verdict and should have entered judgment for $11,053.81 or, in any event, $10,000.

The finding of the jury with regard to repayment was there had been no repayment out of profits. This, however, does not touch the question as to whether the

**490**

debt of appellee is entitled to reduction by offsets to which he is entitled as reflected by the state of accounts between him and appellant.

If, as appellant contends, the court in making adjustment of accounts was not entitled to consider any item not submitted to the jury, we fail to see how any harm has resulted to appellant by the court's judgment. The jury found a total of $11,053.81 had been advanced by appellant. This would be the total owed by appellee. The jury also found that appellant had sold property belonging to appellee in the amount of $6,590 and erroneously credited the proceeds to the partnership. If this $6,590 is deducted from the total amount owed, you have a balance in favor of appellant of $4,463.81, which is less than what the court found still owing by appellee. Apparently what the court did was to take into consideration the items as found by the jury and other items in dispute that were not requested to be submitted to the jury and adjust the accounts. No objection was made to the charge for failure to submit other items that were in evidence. Without attempting to go into and analyze all the testimony, we merely say that if the court erred, there is no showing of harm.

Finally, appellant says there is a conflict between the findings by the jury that the $10,000 advanced by appellant was to be paid out of profits from the dairy and after it was repaid appellant would own no interest in the property, and the finding that there was a partnership shared in equally between the parties.

There is no conflict because, as we have said above, there was to be no ownership by the partnership of the property here involved. The partnership merely had use of the property which was to be solely owned by appellee.

The judgment of the trial court is affirmed.

WERLEIN, C. J., not sitting.