### A. W. CARLISLE v. F. M. HOOKS.

(Case No. 1544.)

1. ACCEPTANCE — PLEADING.— In a suit against the acceptor of a bill, who accepted it to be paid "so soon " as the acceptor "should find himself in funds," it must be alleged and proved that the acceptor was in funds to pay the bill; and this condition is not fulfilled by his having property other than money in his hands more than sufficient in value to pay the bill.

APPEAL from Hardin. Tried below before the Hon. Edwin Hobby.

*O'Brien & John,* for appellant.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought by the appellee upon a bill or order, the exact terms or character of which do not appear in the record, drawn on Carlisle in favor of Hooks, by Peterson, which, it is alleged, was accepted by Carlisle to be paid " so soon thereafter as Carlisle should find himself in funds."

There is no averment in the petition that Carlisle after the date of the alleged acceptance had any funds of Peterson in his hands out of which to pay the bill. It is alleged that he subsequently had personal property belonging to Peterson in his hands of value sufficient to pay the bill.

General and special exceptions were filed to the petition, and the same were overruled. This is assigned as error.

The acceptance was conditional, and until the contingency occurred upon which Carlisle promised to pay, no cause of action accrued to the appellee.

In order to sustain his action it was necessary for the plaintiff to allege and prove that the defendant was in funds to pay the bill, by which is meant that he must have had money in hand to pay it; and this condition was not fulfilled by his having other property in his hands of greater value than the sum named in the bill. Campbell v. Pettongill, 7 Greenl., 129; Marshall v. Clary, 44 Ga., 513; Gentry v. Owen, 14 Ark., 396; Nagel v. Horner, 8 Cal., 353; Liggett v. Weed, 7 Kans., 237; Gallery v. Prindle, 14 Barb., 190; Daniel on Neg. Inst., 508–514; 8 Tex., 446; 11 Tex., 572; 43 Tex., 274.

Whether the language "should find himself in funds" means that the defendant should have sufficient money in his hands belonging to Peterson to pay the bill, which seems the natural meaning of the language, or means that the defendant should have money of his own sufficient for that purpose, is immaterial, for in either case the petition must aver the facts to exist which, under the terms of the acceptance, authorized the plaintiff to demand an immediate payment.

For the want of such averment the petition was fatally defective, and the court erred in overruling the demurrers thereto, for which reason the judgment must be reversed.

Exceptions were taken to the citation, but it is now unimportant to inquire whether the court's ruling on the exception was correct or not, for if the citation had been quashed, the defendant would be deemed to have entered his appearance to the succeeding term of the court; and besides, it does not appear that any injury could result to the defendant by the ruling of the court in this respect, even if the ruling was erroneous in this regard, as the case will be reversed. R. S., 1243, 1244.

Judgment is reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 28, 1883.]