## HANNIBAL KING ET AL v. CHAS. C. HILL, ET AL.

No. 8065. Decided June 16, 1943.
(172 S. W., 2d Series, 298.)

*H. A. Leaverton, Bramlette & Levy* and *Sam J. Dotson,* all of Longview, for petitioners.

On the question of whether the instrument in controversy was a mortgage. Ragland v. Wisrock, 61 Texas 391; Price v. Seiger, 49 S. W. (2d) 729; Gray v. Shelby, 83 Texas 405, 18 S. W. 809. On the question of the deed being made to pay outstanding purchase money notes secured by valid lien on land. Richardson v. Hughes, 146 S. W. (2d) 255; Garner v. Black, 95 Texas 125, 65 S. W. 876.

*Kennedy & Granberry* and *F. P. Granberry,* all of Crockett, for respondents.

In response to above propositions. Pullman v. City of Houston, 125 S. W. 69; Marler v. Handy, 88 Texas 421, 31 S. W. 636; 22 Texas Jur. 122.

MR. JUDGE HICKMAN of the Commission of Appeals delivered the opinion of the Court.

This is an action of trespass to try title brought by petitioners, Hannibal King and others, against respondents, Chas. C. Hill and others, the land involved being 44-1/3 acres out of the C. C. Marsh Survey in Houston County. In the trial court

judgment was rendered in favor of respondents, which judgment was affirmed by the Court of Civil Appeals. 136 S. W. (2d) 632. A writ of error was granted and this court reversed the judgment of the Court of Civil Appeals and remanded the case to that court for further consideration. 138 Texas 187, 157 S. W. (2d) 881. Thereafter the Court of Civil Appeals reversed the trial court's judgment and remanded the cause thereto, 167 S. W. (2d) 628, and the case is again before us upon our granting of applications for writs of error filed by all parties.

The plaintiffs in the trial court were Luella King and husband, Hannibal King, and certain claimants of mineral interests in the land, and the defendants were Chas. C. Hill and Mrs. T. A. Mobley, individually, and as executor and executrix, respectively, of the estate of G. W. Mobley, deceased. Plaintiffs claim title under Lulu Denby and, in part, under H. G. Denby, while defendants claim under an alleged deed from H. G. Denby to G. W. Mobley. According to a finding by the jury the land was purchased by H. G. Denby from T. F. and Henry Dailey on November 26, 1910. At that time Denby was married to Lulu Denby, the mother of Luella King. Luella King is not the daughter of H. G. Denby, but was born to Lulu Denby and a former husband prior to her marriage to H. G. Denby. Lulu Denby died intestate in April, 1924, and Luella King claims title to an undivided one-half interest in the land as the only child of Lulu Denby. After the death of Lulu Denby, H. G. Denby married Catherine Denby and they continued to live upon the land as their home until a short time before the filing of this suit. During the period of their occupancy the purported deed was executed to G. W. Mobley.

Plaintiffs petition was in the statutory form of an action in trespass to try title. The defendants, in addition to a general demurrer, general denial and plea of not guilty, specially pleaded the five and ten years statutes of limitation, Articles 5509 and 5510, R. S. C. In answer to special issues the jury found that on the date Denby executed the deed to Mobley, October 8, 1927, he was residing upon this land as a homestead for himself and family; that he was indebted to Mobley "for money other than the purchase money for the land"; that he executed the deed to secure indebtedness owing to Mobley "other than purchase money"; that he was indebted to Mobley for purchase money of the land at that time; and that the deed was not executed for the sole consideration of the cancellation of a purchase money note. We construe those findings, in the light of

the evidence, to be that the deed was executed to secure money owing by Denby to Mobley, part of which was purchase money and part of which was not purchase money. Other material findings, which the Court of Civil Appeals concluded were in conflict with the foregoing, were as follows: After the execution of the deed of October 8, 1927, Denby remained in possession of the land in controversy as the tenant of Mobley and the executors of this estate, and that Mobley and the executors had and held peaceable and adverse possession of the land, paying all taxes thereon before delinquency, claiming and using same under a deed duly registered for a continuous period of five consecutive years after the execution of such deed and prior to the filing of this suit.

The Court of Civil Appeals in its opinion now under review held, in addition to the holding of irreconcilable conflict in the findings, that the ends of justice would better be subserved by remanding the case to the trial court in order that the issues might be clarified. Plaintiffs application for writ of error was granted in order that we might review the holding on the question of conflict, and that of the defendants because of the granting of the application of plaintiffs. We have concluded, however, that the case must stand reversed and remanded, as directed by the Court of Civil Appeals, for the reasons hereinafter stated, and, since the question of conflict of findings will doubtless not arise upon another trial, no reason is perceived why we should discuss that question in this opinion.

Under our views the trial court's judgment cannot be affirmed. Upon what theory it rendered judgment for the defendants upon the verdict we are not advised, but, as indicated by our former opinion in this case, 138 Texas 187, 157 S. W. (2d) 881, it was probably upon the theory that, under their formal pleadings of trespass to try title the plaintiffs could not prove that the instrument executed by Denby to Mobley in the form of a deed was intended as a mortgage to secure an outstanding indebtedness, and that the findings to that effect should be disregarded. We rule against that theory in our former opinion. The only other claimed ground upon which the trial court's judgment might be affirmed is that the defendants acquired title under the five years statute of limitation, Article 5509. In our opinion it cannot be affirmed upon that ground. The finding that the purported deed was executed to secure an indebtedness owing by Denby to Mobley was a finding that same was, in fact, intended as a mortgage and is inconsistent with a claim of limitation, and particularly so as against plaintiff, Luella King, and those claiming under her who were not

parties to that instrument. At the time it was executed Luella King and her stepfather, Denby, were tenants in common to the land, each owning an undivided one-half interest. There is no finding by the jury, and no evidence in the record upon which such finding could be predicated, that Luella King had notice of the adverse claim of anyone to her interest in this land until a short time before this suit was filed. According to the jury's finding, the possession upon which the defendants rely was solely through their claimed tenant, Denby. The purported deed from Denby to Mobley was not in Luella King's chain of title and she was not charged with constructive notice thereof. White v. McGregor, 92 Texas 556, 50 S. W. 564, 71 Am. St. Rep. 875; Jones v. Siler, 129 Texas 18, 100 S. W. (2d) 352. The possession of Denby prior to the execution of the instrument was not adverse to Luella King, and there is no evidence that she had any actual knowledge that his possession after same was executed was under a different claim of right from that upon which it had theretofore rested.

Since the Court of Civil Appeals could not affirm the judgment of the trial court, the question presented to it for determination was whether to render judgment in favor of the plaintiffs or to remand the cause for another trial. It concluded that the cause should be remanded, not only because of the conflict, but, as stated in its opinion, because the ends of justice would be better subserved thereby.

■ We think it is a case which properly should be remanded. There are some equities to be adjusted. For example, if, as found by the jury, the land was incumbered for purchase money at the time Denby executed the purported deed to Mobley, a lien therefor extended to the interest of Luella King the same as to the interest of Denby. In order for her to be entitled to recover her interest in the land, as against Mobley and his executors, who, according to certain answers of the jury, occupy the statuses of mortgagees in possession as to her, it would be required of her that she tender whatever amount might be owing as purchase money indebtedness. Robinson v. Smith, 133 Texas 378, 128 S. W. (2d) 27; Jasper State Bank v. Braswell, 130 Texas 549, 111 S. W. (2d) 1079; 115 A. L. R. 329; Conner Bros. v. Williams, 130 Texas 572, 112 S. W. (2d) 709.

■ This case was not tried upon the theory of mortgagees in possession under a mortgage given to secure, in part, a purchase money note. Under certain of the jury findings it became such a case, but there was no pleading of same and no finding as to

the amount of the purchase money then owing. The case was tried on a theory different to that made applicable by the verdict, and should, therefore, be retried.

It is accordingly ordered that the judgment of the Court of Civil Appeals, which reversed the trial court's judgment and remanded the case, be affirmed.

Opinion adopted by the Supreme Court June 16, 1943.