**Elmer HENSLEY, Appellant,**

v.

**CITY BANK AND TRUST COMPANY,**
**Appellee.**

**No. 697.**

Court of Civil Appeals of Texas,
Tyler.

May 10, 1973.

Rehearing Denied May 31, 1973.

Bruce Youngblood, Dallas, Bill W. Bailey, Desoto, for appellant.

Hubert D. Johnson, Johnson, Cravens & Boone, Dallas, for appellee.

DUNAGAN, Justice.

This suit was instituted by the City Bank & Trust Company of Dallas, Texas (appellee here), against Elmer Hensley to recover principal, interest and attorney's fees on a promissory note in the sum of $10,000.00 dated January 27, 1971, payable ninety (90) days after date. At the conclusion of a non-jury trial, the court awarded judgment to the plaintiff-appellee. The court made and filed its findings of fact and conclusions of law. The appellant has duly and timely perfected this appeal.

For convenience the appellee will hereafter be referred to as "the bank," and appellant will be referred to as "Hensley."

The face of the note showed (1) that the note was assigned Number 28882; (2) that both in figures and in words the note was in the principal sum of $10,000.00; (3) that Hensley was the sole signer of the note; (4) that the note appeared to be regular and complete on its face; (5) that the note was payable to the order of the bank; and (6) that it was due and payable "4-27-71."

In its suit the bank alleged that it was the holder of the note, that Hensley had not paid the note when it became due on April 27, 1971, and that by reason of these facts the bank was entitled to recover on the note.

Hensley's pleading did not contain a general denial or a special denial. In paragraph I of his first amended original answer Hensley urged affirmative defenses to the effect that at Vontsteen's request he had signed a blank note to the bank for $1,000.00 to enable Vontsteen to borrow $1,000.00; that the blank note was delivered to Vontsteen with the understanding that it would be completed by him in the amount of $1,000.00; that the note in the sum of $10,000.00 which is the basis of the bank's lawsuit was completed by Vontsteen contrary to the authority given and such action on the part of Vontsteen constitutes

a forgery and voids the note. In paragraph II Hensley alleges that "the processing of the loan in question and the directions for the payment of the proceeds from such loan were within the scope of the authority of * * * Vontsteen as loan officer of City Bank and Trust Company" and that Vontsteen "could not have applied the proceeds of the loan to his personal benefit except for the apparent authority which he exercised within the scope of his employment." Apparently the allegations in paragraph II of said answer are to set up an affirmative defense that Vontsteen in completing the loan transaction in question was acting for the bank and was its agent. In such pleading Hensley also urged a third party complaint against said Gerald Vontsteen. The cause of action against Vontsteen was severed from the rest of the case and is not involved in this appeal.

This case was tried before the trial court without a jury. As the trier of the facts, the trial court found for the bank and against Hensley for $12,515.60 with interest and costs. From this judgment appellant has appealed. Hensley requested the trial court to file his findings of fact and conclusions of law, and this was timely done. The trial court found the facts to be against the appellant and in favor of the appellee.

Appellant by his first three points contends that (1) Vontsteen did not have authority from Hensley to complete the note for $10,000.00; (2) the evidence shows conclusively that in completing the loan transaction Vontsteen was acting for the bank and was its agent and therefore the court erred in holding the bank to be holder in due course; (3) it was error for the court to award judgment on the note against him because the evidence conclusively showed it had been materially altered without his authority.

By his fourth and fifth points of error appellant contends (1) that there was no probative evidence to support certain findings of the court; (2) that the findings of the court are so against the great weight and preponderance of the evidence as to be clearly wrong.

■ The question for this court to resolve is whether there is evidence of probative force to support the findings and judgment of the trial court. Where there is such evidence, the findings of the trial court are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. Arnold v. Caprielian, 437 S.W.2d 620 (Tex.Civ.App., Tyler, 1969, writ ref., n. r. e.).

■ This court is bound by the trial court's findings and conclusions which are supported by the evidence and must indulge every presumption favorable to such findings and the trial court's judgment. Jeffus v. Coon, 484 S.W.2d 949 (Tex.Civ. App., Tyler, 1972, n. w. h.) and State v. Williamson-Dickie Manufacturing Co., 399 S.W.2d 568 (Tex.Civ.App., Ft. Worth, 1966, writ ref., n. r. e.).

"In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary." Brown v. Frontier Theatres, Inc., 369 S.W.2d 299 (Tex.1963). We must examine all of the evidence to determine if the court's findings are so against the great weight and preponderance of the evidence as to be clearly wrong. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Under its pleadings and the evidence, the bank established (1) that the bank was the holder of the note on which it sued, (2) that Hensley had signed the note, (3) that the note became due and payable, and (4) that Hensley had not paid or offered to pay anything on such note.

This was all the bank was required to establish under its burden of proof. Sec. 3.-307(b) of Title 1 of the Texas Business and Commerce Code, V.T.C.A., provides:

"(b) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

Paragraph 3 of the Uniform Commercial Code Comment states:

"Until it is shown that a defense exists the issue as to whether the holder is a holder in due course does not arise. In the absence of a defense any holder is entitled to recover * * *. Nothing in this section is intended to say that the plaintiff must necessarily prove that he is a holder in due course."

Hensley admitted his signature was on the note. He did not plead that he had not signed the note or that he had paid all or any part of the obligation evidenced by the note. Therefore, the bank as the holder of the note was entitled to recover on it under the above quoted statutory provisions "unless the defendant establishes a defense."

Hensley in his own behalf testified that he had signed the note in blank and gave it to Vontsteen to complete in the amount of $1,000.00. Vontsteen was a vice-president and loan officer and Hensley was a director of the bank. Hensley said that he would not have given the note had Vontsteen not been an officer of the bank. He also testified that he had signed blank notes before at the request of bank officers; that he signed the note delivered to Vontsteen only as a favor to him and got nothing for it; that he was unaware that Vontsteen as a bank officer was prohibited from borrowing from the bank himself but he had read the banking code; and that the $10,000.00 figure in the note in question was inserted therein without his authority.

The minutes of the February, 1971 Board Meeting which is in evidence show that Hensley was present at the monthly Board of Director's meeting in January, 1971. The testimony, including documentary evidence, showed that a director's report was submitted to the directors at this meeting. The report listed four loans described as "NEW LOANS TO DIRECTORS." Three of the four loans listed were loans made to Hensley. The last one on the list was described as a new loan for $10,000.00 made to Hensley on an unsecured basis which is the note here involved. The list did not show a $1,000.00 loan made to Hensley. A copy of this report was made available to each director at the January, 1971 meeting at which Hensley was present, and as the minutes reflect seconded the motion to approve a series of notes, including the $10,000.00 note here in question. Hensley at that time did not raise any question concerning this loan.

J. D. Selman, a business partner of Hensley and a witness for Hensley, testified that he was present during the conversation between Hensley and Vontsteen when the note in question was signed by Hensley. He testified that he saw the note but did not see any amount on the note and in fact said he didn't see anything on the note. He saw Hensley sign the note and deliver it to Vontsteen. He said that he would "say there wasn't anything on the note." He further testified that Hensley did not give any instruction to Vontsteen about how much the note would be completed for but from the conversation between the two he understood it was to be for $1,000.00. Mr. Selman did not testify that he made any examination of the note but just merely saw it.

The trial judge, the trier of the facts, as the exclusive judge of the credibility of the witnesses and the weight to be given their testimony had the right to believe one witness and disbelieve another, or to believe part of the testimony of one witness and

disbelieve any other part; and may draw reasonable inferences and deductions from the evidence adduced before it. Hayes v. Easter, 437 S.W.2d 652 (Tex.Civ.App., Texarkana, 1968, n. w. h.); Black v. Shell Oil Company, 397 S.W.2d 877 (Tex.Civ. App., Texarkana, 1965, writ ref., n. r. e.); Schwab v. Stewart, 387 S.W.2d 939 (Tex. Civ.App., Amarillo, 1964, writ ref., n. r. e., 390 S.W.2d 752); Peck v. Century Concrete Products, Inc., 375 S.W.2d 459 (Tex. Civ.App., Ft. Worth, 1964, writ ref., n. r. e.); Martin v. J. S. Hunt Lumber Co., 180 S.W.2d 956 (Tex.Civ.App., Waco, 1944, n. w. h.).

■ This court has the power to grant a new trial where the findings of the jury or the court are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust, but we are not authorized to substitute our judgment for that of the jury or the court simply because we might have reached a different conclusion on the facts and are not disposed to do so. Houser v. Sunshine Laundries & Dry Cleaning Corporation, 438 S.W.2d 117 (Tex.Civ.App., San Antonio, 1969, writ ref., n. r. e.); McDonald Texas Civil Practice, Vol. 4 sec. 18.15; and Rule 328, Texas Rules of Civil Procedure.

■ We have not attempted to detail all of the evidence as it would unduly lengthen this opinion and would serve no useful purpose. However, we have carefully reviewed all the evidence in the record and in our opinion the trial court's findings and judgment are supported by substantial evidence. We are unable to say that such findings are so against the great weight and preponderance of the evidence as to be clearly wrong.

Judgment affirmed.