Max **WILLIAMS**, Appellant,

v.

Glenn W. **COOPER**, Appellee.

No. 4654.

Court of Civil Appeals of Texas,
Eastland.

Dec. 28, 1973.

J. Richard Whittington, Hunter & Greenfield, Dallas, for appellant.

R. E. Thornton, Thornton & Thornton, Olney, for appellee.

RALEIGH BROWN, Justice.

This suit on a written instrument executed on February 1, 1967, by Max Williams and delivered to Glenn W. Cooper was filed December 20, 1972, with Cooper suing Williams. The instrument was on a note form of the Farmers National Bank of Seymour, Texas, and reads as follows:

"Seymour, Texas February 1, 1967
$5,891.40

At the earliest possible time after date, without grace, for value received, I, we, or either of us promise to pay to the order of GLENN W. COOPER, payable at Seymour, Texas, Five Thousand, Eight Hundred, Ninety-One and 40/100 Dollars ($5,891.40) with interest at the rate of __per cent per annum—until paid, and ten percent (10%) additional on principal and interest unpaid for attorneys' fees if placed in the hands of an attorney for collection, we, the makers, sureties, endorsers and guarantors of this note, hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest, and diligence of bringing suit against any part hereto, and consent that the time of payment may be extended without notice thereof to any of the sureties of such note.

Collaterals attached to this note may be sold after its maturity at public or private sale, at the option of such holder of said note, after ten (10) days notice to the maker thereof.

/s/ Max Williams
Max Williams"

Trial without a jury resulted in judgment for Cooper. Williams appeals.

The effect of the language "at the earliest possible time" on the face of the instrument is determinative in large measure to the result of the case at bar.

Williams contends the instrument is a demand note, thus Cooper's recovery is barred by Article 5527, Vernon's Ann.Civ. St., the four-year statute of limitation. Alternatively, he urges that if the written note is not a negotiable instrument as defined by the Uniform Commercial Code, the trial court erred in concluding that the earliest possible time he could pay was December 1971, because there was no pleading or evidence to support such a conclusion.

The Uniform Commercial Code in Article 3.104, V.T.C.A., provides in part:

"(a) Any writing to be a negotiable instrument within this chapter must

.    .    .    .    .    .

(3) be payable on demand or at a definite time;"

Article 3.108 provides:

"Instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated."

The language "at the earliest possible time" precludes the instrument from being one payable at a definite time. Therefore, for the instrument to be negotiable, it must be payable on demand. The instrument not being payable at sight or on presentation it could only be payable on demand if the legal effect of "at the earliest possible time" is the same as if no time for payment was stated in the instrument.

As stated in Davis v. Dennis, 448 S.W. 2d 495 (Tex.Civ.App. Tyler, 1969, no writ hist.) :

"It has been held from early Texas cases that if no time for payment is stated in a note, it becomes a demand note. Salinas v. Wright, 11 Tex. 572, 575; Chambers v. Hill, 26 Tex. 472; 9 T.J.2d, page 88, Section 76; page 123, Section 113; 10 C.J.S. Bills and Notes § 247, page 743; Nesbitt v. Hudson (Tex.Civ.App., Dallas), 230 S.W. 746, n. w. h. If it was a demand note, it was payable on demand and actionable immediately without demand. Donald v. Bennett, 415 S.W.2d 450 (Tex.Civ.App., Fort Worth, 1967, writ ref., n. r. e.) ;"

■ We hold "at the earliest possible time" is not equivalent to no time for payment being stated in the instrument. Such phrases as "as soon as circumstances will permit me"; "when he was able"; "as soon as he could" have been held conditions upon which the promise to pay depends. Salinas v. Wright, 11 Tex. 572, 575; Mitchell v. Clay, 8 Tex. 443; Wright v. Farmers National Bank, 31 Tex.Civ. App. 406, 72 S.W. 103.

The Supreme Court in Ferguson v. Mansfield, 114 Tex. 112, 263 S.W. 894 (1924) stated:

"It is quite elementary that an instrument payable upon a condition which does not import an absolute liability is not payable until that condition has happened. Salinas v. Wright, 11 Tex. 572; Carlisle v. Hooks, 58 Tex. 420. See notes to case of Hughes v. McEwen, L. R.A.1917B, pp. 1051 to 1057; Swift Coal & Timber Co. v. Lewis, 170 Ky. 588, 186 S.W. 479."

We overrule Williams' contention that the instrument is a demand note.

The court found that Williams made a $500.00 payment on the note in December 1971 and that this was the earliest possible time after making the note, that Williams could pay.

■ We must determine whether there is evidence of probative force to support the findings. Where there is such evidence, the findings of the trial court are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. Arnold v. Caprielian, 437 S.W.2d 620 (Tex. Civ.App.—Tyler 1969, writ ref. n. r. e.) ; Hensley v. City Bank and Trust Company, 495 S.W.2d 282 (Tex.Civ.App.—Tyler 1973, writ ref. n. r. e.).

■ This court is bound by the trial court's findings and conclusions which are supported by the evidence and must indulge every presumption favorable to such findings and the trial court's judgment. Hensley v. City Bank and Trust Company, supra; Jeffus v. Coon, 484 S.W.2d 949 (Tex.Civ.App.—Tyler 1972, no writ hist) ; State v. Williamson-Dickie Manufacturing Co., 399 S.W.2d 568 (Tex.Civ.App.—Fort Worth 1966, writ ref. n. r. e.).

■ Mr. Cooper testified Williams had made two $500.00 payments on the note, the first payment being made in December 1971. He further testified that Williams' wife was driving a new Eldorado Cadillac. We hold such testimony is some evidence of probative force to support the court's findings.

■ Cooper failed to plead that Williams was able to pay the note. Cooper did, however, introduce without proper objection, evidence tending to show that Williams was able to pay. We hold that the issue was tried by implied consent. Ames v. Putz, 495 S.W.2d 581 (Tex.Civ. App.—Eastland 1973, writ ref.).

In two other points of error Williams maintains the trial court erred in admitting the note into evidence and admitting parol evidence as to the terms of payment of the note. We overrule such points.

■ We agree with the trial court that the term "at the earliest possible time" was reasonably susceptible to more than one meaning and was ambiguous. Trinity Universal Ins. Co. v. Ponsford Brothers, 423 S.W.2d 571 (Sup.Ct.1968); Skelly Oil Co. v. Archer, 163 Tex. 336, 356 S.W.2d 774 (Sup.Ct.1962).

As stated in Trinity Universal Ins. Co. v. Ponsford Brothers, supra:

"It has been held that the practical construction placed upon a contract by the parties themselves constitutes the highest evidence of their intention."

The trial court properly admitted evidence to remove the ambiguity of the words used. Lone Star Gas Co. v. X–Ray Gas Co., 139 Tex. 546, 164 S.W.2d 504 (Sup.Ct.1942); Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080 (Sup. Ct.1932); Taylor v. McNutt, 58 Tex. 71 (1882).

■ Cooper testified that on the execution of the instrument the parties recognized Williams's financial condition prohibited his commitment to regular payments on the note or a date certain for the discharge of same.

As stated in McBride v. Ponder, 242 S. W.2d 253 (Tex.Civ.App.—San Antonio 1951, writ ref. n. r. e.):

"The meaning of the ambiguous words was explainable by extrinsic evidence, but such evidence could not change the terms of the instrument by appending new and different words and provisions to it."

The testimony of Cooper explains the ambiguous term, "at the earliest possible time". It does not change the terms of the instrument.

We have considered all points of error and all are overruled. The judgment is affirmed.