KARL AND KELLY COMPANY, INC.,
et al., Petitioners,

v.

Clifford McLERRAN, et ux.
Respondents.

No. C-1608.

Supreme Court of Texas.

Feb. 16, 1983.

William Andress, Dallas, for petitioners.

Wesley G. Stewart, Jr., The Firm of Larry Parnass, Michael J. Wiss, Irving, for respondents.

PER CURIAM.

This is a suit brought under the Texas Deceptive Trade Practices Act by Clifford and Juanita McLerran because of alleged defects in a new house purchased from builder-vendor Karl and Kelly Company, Inc. The trial court rendered a judgment for the McLerrans against the corporation and its officers in their individual capacities. The court of appeals affirmed in an unpublished opinion. Tex.R.Civ.P. 452. We reverse the judgments of the courts below without oral argument and remand for new trial. Tex.R.Civ.P. 483.

The McLerrans contracted with Karl and Kelly Company, Inc., for the construction of a house. After construction was completed, they became aware of several defects and filed suit against Karl and Kelly Company, Inc., Karl Simon, and James Kelly. Simon, an architect, and Kelly, a real estate agent, operated Karl and Kelly Company, serving as officers of the corporation. Simon and Kelly, as individuals, and Karl and Kelly Company, Inc. filed an answer and the case was set for trial. Thereafter, the attorney for all three defendants withdrew from the case. A successor attorney and the original attorney failed to communicate on the trial date, and when the case was called to trial nobody appeared for any of the defendants. After a trial to the court, judgment was rendered for the McLerrans.

The only question presented is whether the trial court erred in holding Simon and Kelly individually liable. Simon and Kelly

contend that they cannot be held individually liable because the plaintiffs did not plead or prove the issue of alter ego.

 Since the defendants had answered but failed to appear for trial, the judgment in this case was a post-answer "default" judgment. Therefore, judgment could not be entered on the pleadings and the plaintiffs were required to offer evidence and prove all aspects their case. *See Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979); *Mullen v. Roberts,* 423 S.W.2d 576 (Tex.1968). As plaintiffs, the McLerrans had the burden of establishing individual liability. *Torregrossa v. Szelc,* 603 S.W.2d 803 (Tex.1980). The only evidence that was presented during the short trial was that the McLerrans had contracted with the corporation and that Simon and Kelly had made representations about the workmanlike manner in which the house would be constructed. There was no direct evidence of a sham corporate structure or of a failure to follow corporate formalities and no evidence that Simon and Kelly had acted in their individual capacities.

The court of appeals reasoned that there "was some evidence of representations made by both Simon and Kelly." It is true that the Statement of Facts reflects both Simon and Kelly made representations. However, since the contract was with the corporation and not with Simon and Kelly, any representations made by Simon and Kelly were made as agents of the corporation. We hold there is no evidence in the record before us that Karl and Kelly Company was the alter ego of either Simon or Kelly. The courts below erred in rendering a personal judgment against them on this theory.

The McLerrans argue that "in the interest of justice" the cause should be remanded for a new trial rather than rendered for the defendants. We agree. It has long been the rule of this Court to remand to the trial court for a new trial rather than to render judgment when the "ends of justice will be better subserved thereby." *King v. Hill,* 141 Tex. 294, 296, 172 S.W.2d 298, 300 (1943); *Paris & G.N.R. v. Robinson,* 104 Tex. 482, 140 S.W. 434 (1911); *Buzard v. First National Bank,* 67 Tex. 83, 2 S.W. 54 (1886). Such remanding has often been ordered to supply additional testimony or to amend the pleadings. *Associated Oil Company v. Hart,* 277 S.W. 1043 (Tex.Comm'n App.1925, holding approved); *Hall v. O.C. Whitaker Co.,* 143 Tex. 397, 185 S.W.2d 720 (1945). *See also* Calvert, ". . . In the Interest of Justice,"* 4 St. Mary's L.J. 291 (1972). Further, this Court has remanded when it appears that the cause was tried upon an erroneous legal theory. *Hicks v. Matthews,* 153 Tex. 177, 266 S.W.2d 846 (1954); *United Gas Corp. v. Shepherd Laundries Co.,* 144 Tex. 164, 189 S.W.2d 485 (1945).

In this case it would be unjust to both parties to render judgment rather than remand for a new trial. Obviously, the McLerrans tried the case on an erroneous legal theory, since they did not attempt to prove alter ego. Just as clearly, the defendants did not have an opportunity to develop their evidence fully, since neither they nor their attorney was present at trial.

The judgments of the courts below are reversed and the cause is remanded to the trial court.