RESOLUTION TRUST CORPORATION as Receiver for La Hacienda Savings Association by the Federal Deposit Insurance Corporation as Manager for the Receiver, Appellant,

v.

Steven W. THURLOW, Appellee.

No. 04–90–00630–CV.

Court of Appeals of Texas, San Antonio.

Dec. 4, 1991.

R. Michael Casseb, Casseb & Casseb, Calhoun Bobbitt, Bobbitt & Halter, San Antonio, for appellant.

Allan K. DuBois, Laura Cavaretta, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, for appellee.

Before CHAPA, PEEPLES and GARCIA, JJ.

ON APPELLEE'S MOTION
FOR REHEARING

CHAPA, Justice.

The opinion of this court issued August 30, 1991, is withdrawn and the following opinion is substituted therefor.

This is an appeal from a non-jury trial of a suit on two notes and guaranty agreements, which originated as two separate

lawsuits. The first was a suit by La Hacienda Savings Association[1] (succeeded in this litigation by its Receiver, the Resolution Trust Corporation[2]) against Steven W. Thurlow seeking recovery on a promissory note in the original principal sum of $30,000. The second lawsuit was against Thurlow, and others, upon a promissory note in the original principal amount of $147,737.57, executed by Thurlow and the other defendants, and secured by guaranty agreements executed by them. All of the defendants in the latter case, except Thurlow, were disposed of by agreed judgment.

The RTC intervened as plaintiff in both cases, which were consolidated prior to trial, after the failure of LHSA. Prior to consolidation and trial, the RTC served requests for admissions upon Thurlow, having to do with the execution, authenticity and default under the $30,000 note and the guaranty of the $147,000 note. Thurlow did not respond to these requests, and they were deemed admitted by operation of law pursuant to rule 169(1) of the Texas Rules of Civil Procedure. The deemed admissions were recognized by the court in an order dated March 8, 1989 and brought to the court's attention, and again recognized by motion and orders in limine.

The case proceeded to trial without a jury. After the appellant, RTC, called its witnesses and rested, the appellee, Steven W. Thurlow, moved for a directed verdict which the trial court granted. The RTC made a verbal motion to re-open its case, which the court overruled. The RTC then filed a written motion to re-open the next day, which was likewise overruled. Judgment was rendered for appellee on July 20, 1990.

The dispositive issue is whether the trial court erred in granting appellee's motion for directed verdict at the close of the RTC's evidence because there were admissions supporting each element of the RTC's causes of action. We reverse.

1. Hereinafter referred to as "LHSA".

2. Hereinafter referred to as the "RTC".

In *Clark v. Dedina,* 658 S.W.2d 293 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd), the court set forth the elements necessary in order for a holder of a note to recover on a promissory note, and stated that "appellee need not prove all essential elements of a breach of contract, but only must establish the note in question, that appellant signed the note, that appellee was the legal owner and holder thereof, and that a certain balance was due and owing on the note." *Id.* at 295, citing *Bailey v. Gulfway Nat'l Bank of Corpus Christi,* 626 S.W.2d 70, 73 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Hensley v. City Bank and Trust Co.,* 495 S.W.2d 282, 284–85 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.) (bank solely required to establish (1) that the bank was the holder of the note on which it sued, (2) that the maker of the note signed the note, (3) that the note became due and payable, and (4) that the maker of the note had not paid or offered to pay anything on the note).

■ Appellant contends that the trial court failed to give appellee's deemed admissions the conclusive effect required by rule 169(2), which states that "[a]ny matter admitted under this rule is *conclusively established* as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission."[3] TEX.R.CIV.P. 169(2) (emphasis added).

The record reflects that with respect to the $30,000 note, the following admissions were made: that the document attached to the request [was] a true and correct copy; that the instrument contained a "promise to pay"; that the note and appellee's signature were genuine; that the RTC is the present owner and holder of the note; that the unpaid balance, principal and interest due on the note was $34,791.77 through January 5, 1988, and that interest would continue to accrue at $14.79 per diem; and, although demand for payment was made, no payment was tendered.

3. The record here does not reflect that the court permitted withdrawal or amendment of the admissions.

With respect to the cause of action on the $147,000 note, the record reveals that the following admissions were made: that the continuing guarantee agreement is a true and correct copy of the guaranty; that it was genuine; that LHSA gave value for it; that appellee signed it; that appellee thereby unconditionally guaranteed the payment of any and all indebtedness of Benetex, Inc. to LHSA not exceeding the aggregate principal amount of $147,737.57; that the RTC is the owner and holder of the guaranty; that a written demand for payment on the guaranty had been made of the appellee of the indebtedness of Benetex to LHSA; and, that no payment was made.

Although in the present case the order does not state the reasons for the directed verdict, the record reflects that the trial judge granted the directed verdict on the grounds that no connection was allegedly made between appellee's signature on the note and the fact that the appellee was the one who owed that amount of money. Additionally, because the trial judge denied the admissibility of the memorandum relating to the amounts owed on the notes, on the grounds that the testimony was hearsay, the trial judge found that the appellant also failed to prove the actual amounts owed.

Nevertheless, we find that appellee's signature was sufficient evidence to prove that appellee was, in fact, liable on the note. *Seale v. Nichols*, 505 S.W.2d 251, 254 (Tex.1974); *A. Duda and Sons, Inc. v. Madera*, 687 S.W.2d 83, 85 (Tex.App.—Houston [1st Dist.] 1985, no writ). Moreover, the deemed admissions clearly demonstrate all the essential elements required for appellant to recover on the notes in question. *Clark*, 658 S.W.2d at 295; *Hensley*, 495 S.W.2d at 284–85.

On appeal, appellee, for the first time, argues that the appellant waived its right to rely upon the admissions because evidence was introduced which was contrary to the admissions. *Marshall v. Vise*, 767 S.W.2d 699 (Tex.1989). Specifically, appellee contends that the RTC attempted to elicit testimony that the amount owed on the guaranty was $239,343.45 rather than $147,737.57, which was the amount allegedly deemed admitted. Additionally, appellee complains that the RTC attempted to elicit testimony that the amount owed on the second note was $48,447.18 rather than $34,791.77, which was the amount allegedly deemed admitted. However, the record shows that appellee objected to this evidence, and the court sustained the objection. Therefore, unlike *Marshall*, the alleged contradictory evidence was not admitted in the case before us.

Moreover, we find that the appellee has misplaced his reliance on *Marshall*. As previously noted the alleged contradictory evidence was not admitted because of a sustained objection by the appellee. Although the supreme court specifically held that "a party waives the right to rely upon an opponent's deemed admissions unless objection is made to the introduction of evidence contrary to those admissions," we fail to see how the objected to evidence, which referred to amounts due and owing at the time of the trial which were greater than those amounts previously deemed admitted, contradicted the deemed admissions in issue. *Marshall*, 767 S.W.2d at 700 (emphasis supplied). Instead, it is clear that the admissions, which were dated June 16th and December 20th of 1988, included accrued interest; therefore, the evidence elicited merely attempted to clarify the deemed admissions by including the accrued interest to date of the trial.

Accordingly, we find that the appellant did not waive its right to rely upon the appellee's deemed admissions, and the trial court erred in granting appellee's motion for directed verdict.

Appellant's point is sustained.

"It has long been the rule of this Court to remand to the trial court for a new trial rather than to render judgment when the 'ends of justice will be better subserved thereby.'" *Karl and Kelly Co., Inc. v. McLerran*, 646 S.W.2d 174, 175 (Tex.1983), citing *King v. Hill*, 141 Tex. 294, 172 S.W.2d 298, 300 (1943). "Such remanding has often been ordered to supply additional testimony or to amend the pleadings." *McLerran*, 646 S.W.2d at 175, citing *Asso-*

*ciated Oil Co. v. Hart*, 277 S.W. 1043, 1045 (Tex.Comm'n App.1925, holding approved). *See also* Calvert, *In the Interest of Justice*, 4 St. Mary's L.J. 291 (1972).

Accordingly, we order that the judgment be reversed and the cause remanded to the trial court.