# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-01-00397-CV
---

**Fahim M. N. Abdus-Samad, Appellant**

**v.**

**Andrea Josita Davis, Appellee**

---
### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 181,896-D, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING
---

Fahim M. N. Abdus-Samad[1] appeals from the district-court judgment in this divorce proceeding. The only issue Abdus-Samad raises on appeal is the property division, specifically the requirement that he pay a certain debt.[2] We will affirm the district-court judgment.

Abdus-Samad appeals from a post-answer default judgment. No issue exists concerning proper notice of the hearing on the divorce. Appellant answered and filed with the court a proposed property division. He does not controvert timely receipt of notice of the hearing, but did not appear. *Cf. Hanners v. State Bar of Texas*, 860 S.W.2d 903, 907 (Tex. App.—Dallas 1993, writ dism'd) (failure to give notice violates due process requirement). The property division in the judgment assigned each party the property in his or her possession or subject to his or her sole control. The property division also assigned to Abdus-Samad a debt of $1,850 for warehouse storage

---

[1] Upon converting to Islam, Laurence J. Davis secured a court order changing his name. He and Andrea Josita Davis appear *pro se* in this appeal.

[2] There were no custody or child support issues because there were no children of the marriage.

charges to be repaid to Davis in monthly installments. Abdus-Samad contests the debt, claiming that there should have been no storage charges at all because he and Davis had been entitled to a period of free storage upon discharge from the military.[3] He contends that Davis failed to follow his instructions concerning the storage and thus needlessly incurred the charges.

A post-answer default constitutes neither an abandonment of the answer nor an implied confession of any issues thus joined by the answer. Judgment cannot be entered on the pleadings; the plaintiff in such a case must offer evidence and prove the case as in a judgment following a trial. *See Karl & Kelly Co. v. McLerran*, 646 S.W.2d 174, 175 (Tex. 1983); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). It is the plaintiff's responsibility to see that a court reporter is present and a record made. *Vickery v. Texas Carpet Co.*, 792 S.W.2d 759, 762 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

In a divorce proceeding, the trial court has wide discretion in dividing the estate of the parties and will be reversed only on a showing of abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). On appeal, it is presumed that the court properly exercised its discretion. *Id.* at 700.

The record of the cause contains a reporter's record showing that Davis testified concerning the items in storage, which she identified as Abdus-Samad's property. Davis testified as to the monthly amount of the storage charges. She also testified that she had notified Abdus-Samad of the address of the storage facility and mailed him a key so that he could retrieve his property, but he failed to do so. Davis's testimony is sufficient evidence to support the trial court's allocation of

---

[3] At the time of their marriage, each was in military service. Each has been discharged.

the storage charges to Abdus-Samad. The district court did not abuse her discretion in the division of property. Accordingly, we overrule appellant's only issue and affirm the district-court judgment.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   December 20, 2001

Do Not Publish

3