COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-118-CV

 

 

EUGENE E. MCMEEKIN                                                         APPELLANT

 

                                                   V.

 

HEATHER MARIE MCMEEKIN                                                   APPELLEE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Eugene E. McMeekin asserts,
in two issues, error on the part of the trial court in denying his motion for
continuance and rendering a judgment against him based on legally insufficient
evidence.  No responsive briefing was
filed by Heather McMeekin.  We reverse
and remand to the trial court for a new trial. 








II.  Background

This is the case of the
absent inmate.  Heather filed a AMotion for Enforcement of Child-Support Order and Order to Appear, and
Request for Order to Withhold Earnings from Annuity for Current and Past Due
Child Support,@ seeking a
judgment against Eugene, who was incarcerated in Arizona.  After being served on February 10, 2005,
Eugene filed on March 7, 2005, a pro se AMotion for Relief of Child Support Order and Motion for Thirty Day
Continuance of Order to Appear, and Request that Order to Withhold Earnings
from Annuity be Denied for Child Support,@ and a AMotion for
Thirty Day Continuance to Receive Proper Counsel.@  Further, on March 10, 2005,
the day of the hearing on Heather=s motion, he filed another pro se motion for continuance asking for
thirty days to obtain counsel.  Eugene=s requests for a continuance to obtain counsel were denied and a
$72,074.41 default judgment was rendered against him the day of the
hearing.  That same day, an AAmended Order to Withhold from Earnings for Child Support@ was entered.  Eugene obtained
counsel and filed a AMotion for
New Trial,@ which was
denied, and in response to another motion filed by Heather on March 15, 2005, a
default AFinal Turnover Order and Permanent Injunction@ was signed on April 18, 2005. This appeal resulted.

 








III.  Continuance  

In his first issue, Eugene
complains of the trial court=s failure to grant him a continuance prior to the hearing on Heather=s motion.  As is well settled,
the grant or denial of a continuance is examined under the abuse of discretion
standard.  Villegas v. Carter, 711
S.W.2d 624, 626 (Tex. 1986).  That is,
did the trial court act without regard to guiding rules or principles?  Was the court acting arbitrarily or
unreasonably?  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied,
476 U.S. 1159 (1986).  In this case, the
answers to these questions are Ayes.@  The record discloses that the discussion on
the continuance motions just prior to the hearing was as follows: 

THE
COURT:  First he says he wasn=t
served with enough notice.  He was served
on February 10th.  He=s
trying to locate his attorney, and he will have an attorney.  He=s asking for 30 days.

 

. . .
. 

 

THE
COURT:  I didn=t
read his attachment.  You can look at
that.  Looks like it was filed on the 7th.  He wants 30 days.  If he=s in prison, he won=t be
here in 30 days either.

 

. . .
. 

 

MR.
MAXWELL:  I have not received notice of
his pleadings.  We would have to
respectfully oppose the continuance.

 

THE COURT:  Yes, sir. 
I=m happy if you are.








Texas Rules of Civil
Procedure 251 and 253 and Denton County Local Rule 1.9.3 are instructive.

Rule
251.  Continuance

 

No application for a continuance shall be heard
before the defendant files his defense, nor shall any continuance be granted
except for sufficient cause supported by affidavit, or by consent of the
parties, or by operation of law.

 

Rule
253.  Absence of Counsel as Ground for
Continuance

 

Except as provided elsewhere in these rules,
absence of counsel will not be good cause for a continuance or postponement of
the cause when called for trial, except it be allowed in the discretion of the
court, upon cause shown or upon matters within the knowledge or
information of the judge to be stated on the record.

 

Tex. R. Civ. P. 251, 253 (emphasis supplied).

The first continuance and/or first pass shall
be granted on or prior to announcement day without necessity of showing
cause, subject to approval by the trial judge.  All continuances and subsequent passes shall
be granted only when required for a fair disposition of litigation or when a
setting is in conflict with a setting having a higher priority under these
Rules or as provided by law. 
Substitution of counsel is ordinarily not good cause for subsequent
continuances.  A case passed or continued
because of an attorney=s
vacation may not receive a setting except upon agreement of the parties or upon
good cause shown.

 

Denton (Tex.) Civ. Dist. Ct. Loc. R. 1.9.3.
(emphasis supplied).

 








Eugene was given twenty-eight
days to retain counsel and/or prepare to appear pro se at the hearing on
Heather=s motion.  Eugene filed three
requests for a continuance.  His first
responsive motion indicates that he is Atrying to locate his counsel on this matter and will have an attorney
for these matters@ and
requests thirty days Ato be able
to locate and retain counsel . . . .@  His third responsive motion
indicates that there is insufficient time before the scheduled hearing to
appear in person or retain counsel.

We first observe that the
continuance motions filed by Eugene are neither verified nor supported by
affidavit.  However, as he points out,
such a defect can be waived if no objection is lodged, and none occurred
here.  See Thrower v. Johnston,
775 S.W.2d 718, 721 (Tex. App.CDallas 1989, no writ).  The
absence of an affidavit yields the presumption that the trial court acted
within its discretion in denying the continuance motions.  Villegas, 711 S.W.2d at 626.  However, 

[i]t
would be unrealistic . . . to apply this presumption to lay movants who without
fault have their attorney withdrawn.  The
right to counsel is a valuable right; its unwarranted denial is reversible
error.  Therefore, when a trial court
allows an attorney to voluntarily withdraw, it must give the party time to
secure new counsel and time for the new counsel to investigate the case and
prepare for trial.

 








Id. (citations
omitted).  If it is error to not give a
litigant sufficient time to hire a new attorney, it is surely error not to
allow him enough time to hire an attorney in the first place.  See also State v. Crank, 666 S.W.2d
91, 94 (Tex.), cert. denied, 469 U.S. 833 (1984) (Where a party=s counsel has voluntarily withdrawn from the case, or a party by an
emergency is left without legal representation, the courts have held such
circumstances justified a continuance).

While a trial court is not
required to grant a motion for continuance because the party is unable to be
present at trial, Hawthorne v. Guenther, 917 S.W.2d 924, 929 (Tex. App.CBeaumont 1996, writ denied), our sister court has held that A[u]nquestionably, the right of a defendant to be present at the trial
and to testify in his behalf is a very valuable right which should not be
denied when his absence from trial is beyond his control.@  Ray v. Ray, 542
S.W.2d 211, 212 (Tex. Civ. App.CTyler 1976, no writ).  Surely
this is equally applicable to his right to at least be represented by counsel
if he cannot be present.  It is also
obvious that had a continuance been granted, Eugene would have retained counsel
to represent him because he had done so for purposes of filing a motion for new
trial by April 11, 2005.  Therefore, we
hold that under the circumstances of this case, good cause was shown
necessitating a continuance and that it was an abuse of discretion to not grant
a continuance for the purpose of hiring counsel.








Was Eugene harmed by not
being present or represented at the hearing? 
Even a cursory examination of the record shows that Heather=s entitlement to twenty percent of certain future lump sum annuity
payments that Eugene received as a result of a head injury as a youth, was
increased to fifty percent, an increase amounting to an additional $67,500,
which is not mentioned in Heather=s motion and for which no change in circumstances or other
evidentiary  reasoning was adduced.  This increase may in part be to satisfy other
child support deficiencies found by the trial court since one, but not all, of
the annuities is mentioned in the turnover order.  Further, a health insurance premium
deficiency is found by the trial court without evidence of a written demand
being made as required by the divorce decree, among other examples pointed out
by Eugene.

Since Eugene had filed a
response to Heather=s original
motion for enforcement, we construe the judgment entered in this case to be, in
essence, a post-answer default judgment. 
Under Craddock v. Sunshine Bus Lines, such a judgment should be
set aside and a new trial ordered in which: [1] the failure of the defendant to
appeal was not intentional, or the result of conscious indifference, but was
due to a mistake or accident; [2] provided the motion for a new trial sets up a
meritorious defense; and [3] is filed at a time when the granting thereof will
occasion no delay or otherwise work an injury to the plaintiff.  Director, State Employees Workers= Compensation Div. v. Evans, 889 S.W.2d
266, 268 (Tex. 1994); see Craddock v. Sunshine Bus Lines, Inc., 134 Tex.
388, 133 S.W.2d 124, 126 (1939).








In this case, Eugene=s failure to appear at the hearing on Heather=s motion to modify was clearly unintentional and was not the result of
conscious indifference.  Therefore, the
first prong of the Craddock test has been satisfied.  However, we need not reach the question of
whether Eugene satisfied the other two prongs of the Craddock test
because, as previously discussed, no evidence appears in the record to support
certain aspects of the judgment rendered. 
A post-answer default judgment cannot be entered on the pleadings and
Heather was required to offer evidence and prove all aspects of her case.  Karl & Kelly Co. v. McLerran, 646
S.W.2d 174, 175 (Tex. 1983).

Ordinarily, when there is no
evidence to support a finding of fact, we reverse and render.  However, this court has the discretion to
remand to the trial court for a new trial when the ends of justice will be
better served thereby.  In this case, we
conclude that it would be unjust to both parties to render judgment rather than
remand for new trial.  Id.  Moreover, Eugene only sought a remand for a
new trial in his prayer.

 

 

 

 

 








IV.  Conclusion

Having held that the trial
court abused its discretion by not granting Eugene a continuance to obtain
counsel, that harm resulted therefrom, and there was no evidence to support
certain aspects of the judgment, we reverse the trial court=s judgment, final turnover order, and permanent injunction, and remand
the case to the trial court for a new trial on Heather=s motion.  Tex. R. App. P. 43.2(d).

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

 

CAYCE,
C.J., concurs without opinion.

 

DELIVERED:
March 30, 2006











[1]See Tex. R. App. P. 47.4.