MCMEEKIN V. MCMEEKIN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-118-CV

EUGENE E. MCMEEKIN APPELLANT

V.

HEATHER MARIE MCMEEKIN APPELLEE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Eugene E. McMeekin asserts, in two issues, error on the part of the trial court in denying his motion for continuance and rendering a judgment against him based on legally insufficient evidence.  No responsive briefing was filed by Heather McMeekin.  We reverse and remand to the trial court for a new trial. 

II.  Background

This is the case of the absent inmate.  Heather filed a “Motion for Enforcement of Child-Support Order and Order to Appear, and Request for Order to Withhold Earnings from Annuity for Current and Past Due Child Support,” seeking a judgment against Eugene, who was incarcerated in Arizona.  After being served on February 10, 2005, Eugene filed on March 7, 2005, a pro se “Motion for Relief of Child Support Order and Motion for Thirty Day Continuance of Order to Appear, and Request that Order to Withhold Earnings from Annuity be Denied for Child Support,” and a “Motion for Thirty Day Continuance to Receive Proper Counsel.”  Further, on March 10, 2005, the day of the hearing on Heather’s motion, he filed another pro se motion for continuance asking for thirty days to obtain counsel.  Eugene’s requests for a continuance to obtain counsel were denied and a $72,074.41 default judgment was rendered against him the day of the hearing.  That same day, an “Amended Order to Withhold from Earnings for Child Support” was entered.  Eugene obtained counsel and filed a “Motion for New Trial,” which was denied, and in response to another motion filed by Heather on March 15, 2005, a default “Final Turnover Order and Permanent Injunction” was signed on April 18, 2005. This appeal resulted.

III.  Continuance 
 

In his first issue, Eugene complains of the trial court’s failure to grant him a continuance prior to the hearing on Heather’s motion.  As is well settled, the grant or denial of a continuance is examined under the abuse of discretion standard.  
Villegas v. Carter,
 711 S.W.2d 624, 626 (Tex. 1986).  That is, did the trial court act without regard to guiding rules or principles?  Was the court acting arbitrarily or unreasonably?  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  In this case, the answers to these questions are “yes.”  The record discloses that the discussion on the continuance motions just prior to the hearing was as follows: 

THE COURT:  First he says he wasn’t served with enough notice.  He was served on February 10th
.  He’s trying to locate his attorney, and he will have an attorney.  He’s asking for 30 days.

. . . . 

THE COURT:  I didn’t read his attachment.  You can look at that.  Looks like it was filed on the 7th
.  He wants 30 days.  If he’s in prison, he won’t be here in 30 days either.

. . . . 

MR. MAXWELL:  I have not received notice of his pleadings.  We would have to respectfully oppose the continuance.

THE COURT:  Yes, sir.  I’m happy if you are.

Texas Rules of Civil Procedure 251 and 253
 and Denton County Local Rule 1.9.3 are instructive.

Rule 251.  Continuance

No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except 
for sufficient cause 
supported by affidavit, or by consent of the parties, or by operation of law.

Rule 253.  Absence of Counsel as Ground for Continuance

Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, 
upon
 
cause shown 
or upon matters within the knowledge or information of the judge to be stated on the record.

Tex. R. Civ. P.
 251, 253 (emphasis supplied).

The first continuance and/or first pass 
shall be granted 
on or prior to announcement day 
without necessity of showing cause, subject to approval by the trial judge
.  All continuances and subsequent passes shall be granted only when required for a fair disposition of litigation or when a setting is in conflict with a setting having a higher priority under these Rules or as provided by law.  Substitution of counsel is ordinarily not good cause for subsequent continuances.  A case passed or continued because of an attorney’s vacation may not receive a setting except upon agreement of the parties or upon good cause shown.

Denton (Tex.) Civ. Dist. Ct. Loc. R. 
1.9.3. (emphasis supplied).

Eugene was given twenty-eight days to retain counsel and/or prepare to appear pro se
 at the hearing on Heather’s motion.  Eugene filed three requests for a continuance.  His first responsive motion indicates that he is “trying to locate his counsel on this matter and will have an attorney for these matters” and requests thirty days “to be able to locate and retain counsel . . . .”  His third responsive motion indicates that there is insufficient time before the scheduled hearing to appear in person or retain counsel.

We first observe that the continuance motions filed by Eugene are neither verified nor supported by affidavit.  However, as he points out, such a defect can be waived if no objection is lodged, and none occurred here.  
See Thrower v. Johnston
, 775 S.W.2d 718, 721 (Tex. App.—Dallas 1989, no writ).  The absence of an affidavit yields the presumption that the trial court acted within its discretion in denying the continuance motions.  
Villegas
, 711 S.W.2d at 626.  However, 

[i]t would be unrealistic . . . to apply this presumption to lay movants who without fault have their attorney withdrawn.  The right to counsel is a valuable right; its unwarranted denial is reversible error.  Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial.

Id
. (citations omitted).  If it is error to not give a litigant sufficient time to hire a new attorney, it is surely error not to allow him enough time to hire an attorney in the first place.  
See also State v. Crank
, 666 S.W.2d 91, 94 (Tex.),
 cert. denied
, 469 U.S. 833 (1984) (Where a party’s counsel has voluntarily withdrawn from the case, or a party by an emergency is left without legal representation, the courts have held such circumstances justified a continuance).

While a trial court is not required to grant a motion for continuance because the party is unable to be present at trial,
 Hawthorne v. Guenther
, 917 S.W.2d 924, 929 (Tex. App.—Beaumont 1996, writ denied), our sister court has held that “[u]nquestionably, the right of a defendant to be present at the trial and to testify in his behalf is a very valuable right which should not be denied when his absence from trial is beyond his control.”  
Ray v. Ray
,
 
542 S.W.2d 211, 212 (Tex. Civ. App.—Tyler 1976, no writ).  Surely this is equally applicable to his right to at least be represented by counsel if he cannot be present.  It is also obvious that had a continuance been granted, Eugene would have retained counsel to represent him because he had done so for purposes of filing a motion for new trial by April 11, 2005.  Therefore, we hold that under the circumstances of this case, good cause was shown necessitating a continuance and that it was an abuse of discretion to not grant a continuance for the purpose of hiring counsel.

Was Eugene harmed by not being present or represented at the hearing?  Even a cursory examination of the record shows that Heather’s entitlement to twenty percent of certain future lump sum annuity payments that Eugene received as a result of a head injury as a youth, was increased to fifty percent, an increase amounting to an additional $67,500, which is not mentioned in Heather’s motion and for which no change in circumstances or other evidentiary  reasoning was adduced.  This increase may in part be to satisfy other child support deficiencies found by the trial court since one, but not all, of the annuities is mentioned in the turnover order.  Further, a health insurance premium deficiency is found by the trial court without evidence of a written demand being made as required by the divorce decree, among other examples pointed out by Eugene.

Since Eugene had filed a response to Heather’s original motion for enforcement, we construe the judgment entered in this case to be, in essence, a post-answer default judgment.  Under 
Craddock v. Sunshine Bus Lines
, such a judgment should be set aside and a new trial ordered in which: [1] the failure of the defendant to appeal was not intentional, or the result of conscious indifference, but was due to a mistake or accident; [2] provided the motion for a new trial sets up a meritorious defense; and [3] is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.  
Director, State Employees Workers’ Compensation Div. v. Evans
, 889 S.W.2d 266, 268 (Tex. 1994); 
see Craddock v. Sunshine Bus Lines, Inc
., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

In this case, Eugene’s failure to appear at the hearing on Heather’s motion to modify was clearly unintentional and was not the result of conscious indifference.  Therefore, the first prong of the 
Craddock
 test has been satisfied.  However, we need not reach the question of whether Eugene satisfied the other two prongs of the 
Craddock
 test because, as previously discussed, no evidence appears in the record to support certain aspects of the judgment rendered.  A post-answer default judgment cannot be entered on the pleadings and Heather was required to offer evidence and prove all aspects of her case.  
Karl & Kelly Co. v. McLerran
, 646 S.W.2d 174, 175 (Tex. 1983).

Ordinarily, when there is no evidence to support a finding of fact, we reverse and render.  However, this court has the discretion to remand to the trial court for a new trial when the ends of justice will be better served thereby.  In this case, we conclude that it would be unjust to both parties to render judgment rather than remand for new trial. 
 Id.
  Moreover, Eugene only sought a remand for a new trial in his prayer.

IV.  Conclusion

Having held that the trial court abused its discretion by not granting Eugene a continuance to obtain counsel, that harm resulted therefrom, and there was no evidence to support certain aspects of the judgment, we reverse the trial court’s judgment, final turnover order, and permanent injunction, and remand the case to the trial court for a new trial on Heather’s motion.  
Tex. R. App. P.
 43.2(d).

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

CAYCE, C.J., concurs without opinion.

DELIVERED: March 30, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.